# Wisniewski *v.* Colonial Assurance Company, Appellant.

*Insurance—Fire insurance—Personal property—Change of possession and ownership—Case for jury.*

In an action on a policy of fire insurance a verdict and judgment for the plaintiff will be sustained where the policy provides that the insurance shall be void in case of any change of ownership or possession of the property, and the jury find from conflicting evidence that there was no change of ownership or possession after the date of the policy.

Argued April 30, 1908. Appeal, No. 227, April T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1904, No. 142, on verdict for plaintiff in case of Tony Wisniewski v. Colonial Assurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $242. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. K. Jennings*, with him *D. C. Jennings,* for appellant.

*J. O. Petty*, for appellee.

OPINION BY ORLADY, J., October 12, 1908:

This action of assumpsit was brought on a policy of insurance issued by the defendant company to recover the amount of damage sustained through a fire occurring in a bakery operated by the plaintiff. The property covered by the insurance was the tools and fixtures in the bakery, and the verdict returned by the jury was in favor of the plaintiff. It was contended by the defendant on the trial that the property changed ownership after the insurance was taken out, and this followed by a subsequent change of possession, and with the additional defense that the property destroyed was not of the value claimed by the plaintiff. The principal witness of the defendant was the insurance adjuster, who testified to a state of fact, which, if believed, would unquestionably have prevented a recovery, but in all material facts he was directly contradicted by several witnesses produced by the plaintiff. There was no controversy as to the issuance of the policy, or the payment of the premium. The points submitted by the defendant relating to the title to the property, and of its possession at the time of the fire, were affirmed by the trial judge, who at the request of the defendant said to the jury, "If the jury believe from the evidence that the plaintiff was not the owner of the insured property at the time of the fire, then he cannot recover. And further, inasmuch as the policy provided that, 'This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall

be void, if any change other than by the death of the insured takes place in the interest, title or possession of the subject of insurance,' if the jury believe, from the evidence that such a change did take place in the possession of the insured property before the fire no agreement providing otherwise, being indorsed thereon or added thereto, the policy thereby became void and the plaintiff cannot recover." So that the question narrowed down to those issues of fact which were resolved in the plaintiff's favor. That this was appellant's view of the case is apparent from its presentation of the question involved, to wit: "Whether A can recover insurance on personal property leased to C and D and not in A's possession at the time of the fire." On this theory the case was tried, and the principal error assigned is that, under all the evidence, the verdict should be for the defendant. We cannot retry, in this court, matters of fact which have been fairly submitted and rightly decided by a jury in the court below, and therefore we must take for granted that the finding of the jury was true. ·

The assignments of error are overruled and the judgment is affirmed.